In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-480 CR


____________________



PATRICK FISHER TUNSTALL, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Court No. 92615






MEMORANDUM OPINION


 A jury convicted Patrick Fisher Tunstall of felony possession of marijuana, as a
repeat felony offender. He was sentenced to three years in prison and assessed a $500
fine. Citing Tex. R. Evid. 402, 403, and 404(b), Tunstall argues the trial court erred in
permitting the arresting officer to testify that Tunstall told the officer during the traffic
stop about Tunstall's prior arrests. At trial, the officer testified about the traffic stop as
follows:

 Q. [Prosecutor]. Well, did you go back and confront Tunstall with the fact
that he was being less than honest with you?


 A. [Officer]. Yes, sir, I [did].


 Q. Did he offer any explanation for that?


 A. Yeah. He said that the reason he didn't tell me -- Mr. Tunstall has been
arrested for a number of the things including some aggravated battery
charges and -- 


Defense counsel promptly objected, and the trial court overruled his objections. 


 However, the videotape of the traffic stop was also admitted into evidence,
and the videotape included appellant's own statement of his prior arrests. Before
the videotape was shown, appellant objected "that at this time until he identifies
the voices on the video this would be inadmissible." The trial court admitted the
videotape. The prosecutor then elicited from the officer testimony identifying the
voices on the tape. Without further objection from trial counsel, the videotape
was later played for the jury. On the videotape, the defendant can be heard telling
the officer that the defendant had prior arrests for battery and aggravated battery. 


 Under these circumstances, no reversible error is presented by the arresting
officer's testimony. See Lane v. State, 151 S.W.3d 188, 192-93 (Tex. Crim. App.
2004). When the same evidence comes in elsewhere without appellant's objection
-- in this case without an objection under Rules 402, 404(b), or 403 to the
extraneous offense evidence -- any error in the admission of the evidence "is
cured." Lane, 151 S.W.3d at 193 (quoting Valle v. State, 109 S.W.3d 500, 509
(Tex. Crim. App. 2003)). 

 Appellant's issue is overruled. The conviction is affirmed.

 AFFIRMED.

 ___________________________________

 DAVID GAULTNEY

 Justice


Submitted on June 28, 2005

Opinion Delivered August 10, 2005

Do Not Publish


Before Gaultney, Kreger, and Horton, JJ.